UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MONICA KNOWLES**,

      Plaintiff,

vs.

Case No.
Hon.

**CHARLES SCHWAB & CO., INC.**,
a foreign corporation,

      Defendant.

---

**GASIOREK, MORGAN, GRECO, MCCAULEY, & KOTZIAN, P.C.**
Donald J. Gasiorek (P24987)
Angela Mannarino (P72374)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / (248) 865-0002 (Fax)
dgasiorek@gmgmklaw.com
amannarino@gmgmklaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, MONICA KNOWLES, by her attorneys, GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C., states the following for her Complaint against Defendant:

## **PARTIES**

1. Plaintiff, MONICA KNOWLES, is an individual who is domiciled in the City of Ann Arbor, County of Washtenaw, State of Michigan.

2. Defendant, CHARLES SCHWAB & CO., INC. (hereinafter "Schwab" or "Defendant"), is incorporated in the State of California.

3. Defendant is authorized to and does business in Michigan with a place of business in the City of Novi, County of Oakland, State of Michigan.

## **JURISDICTION AND VENUE**

4. This Court has jurisdiction over Defendant because Defendant conducts business on a regular and systematic basis in the Eastern District of Michigan and has a place of business in the Eastern District of Michigan.

5. This Court has jurisdiction over Plaintiff's ADEA claim under and pursuant to 28 USC §§1331 and 1343.

6. This Court has jurisdiction over Plaintiff's state law claim under and pursuant to 28 USC §1367.

7. On June 8, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Exhibit A.

8. Plaintiff received notification of the right to sue notice from the EEOC on or about June 13, 2019. Exhibit B.

9. Plaintiff has timely filed this Complaint within 90 days of receiving the right to sue notice.

10. Venue is proper in this judicial district pursuant to 28 USC §1391 because the events giving rise to the claim occurred in this judicial district.

## GENERAL ALLEGATIONS

11. Plaintiff's date of birth is December 5, 1955.

12. On or about June 30, 2014, Plaintiff began her employment with Defendant as a Senior Relationship Manager.

13. Plaintiff, at all times, performed her job duties and responsibilities in a manner that demonstrated that she was at least qualified to retain her position.

14. In or around May 2015, Plaintiff received a new direct supervisor, Defendant's Managing Director.

15. Plaintiff was the oldest person supervised by Defendant's Managing Director.

16. In or around August 2016, clients were emailing Plaintiff with questions about enforcement of a statute by the Securities and Exchange Commission ("SEC").

17. On or about November 20, 2016, Defendant provided talking points to employees, including Plaintiff, to address client questions.

18. After receiving the talking points from Defendant, Plaintiff emailed a client paraphrasing some talking points provided to her by Defendant to answer the client's questions about enforcement of a statute by the SEC.

19. The client posted Plaintiff's answer on a blog.

20. A member of the media asked Defendant if Plaintiff's email represented Defendant's official position regarding enforcement of the statute by the SEC.

21. On or about January 11, 2017, Defendant placed Plaintiff on a written warning for several alleged email infractions including sending company emails to her personal email and for the November 2016 email issue.

22. Upon information and belief, younger employees who engaged in the same or similar behavior were not disciplined.

23. In or around March 2017, Defendant's Managing Director began asking Plaintiff about her plans for continued employment with Defendant.

24. In early June 2017, Defendant's Managing Director began asking Plaintiff about her plan to terminate her employment with Defendant.

25. On or about June 2, 2017, Defendant sent a mass email to its clients regarding custody of assets.

4

26. One of Plaintiff's clients was dissatisfied with Defendant's June 2, 2017 email and escalated his complaint to Defendant's CEO.

27. The client and Defendant's CEO have a personal relationship.

28. On or about June 30, 2017, Defendant placed Plaintiff on a written warning because the client's email to Defendant's CEO purportedly demonstrated that Plaintiff did not have control of the client.

29. In August 2017, Defendant's Managing Director informed Plaintiff that he wanted her to leave her employment with Defendant by early September 2017.

30. On or about September 9, 2017, Defendant's Managing Director forced Plaintiff to resign her employment in lieu of termination.

31. Plaintiff's resignation in lieu of termination was effective on October 2, 2017.

32. Upon information and belief, Defendant replaced Plaintiff with an employee younger than 40 years old.

**COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")**

33. Plaintiff repeats and reincorporates each and every paragraph of this Complaint.

34. Defendant is an "employer" as that term is defined in the ADEA.

35. As an employer, Defendant owed Plaintiff a duty pursuant to the ADEA not to discriminate against her with respect to employment, compensation or a term, condition or privilege of employment because of her age.

36. Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of her employment because of her age.

37. Defendant's discriminatory termination of Plaintiff because of her age was willful and deliberate.

38. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, loss of past and future income, mental anxiety and distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is shown to be established by the proofs of this case, plus liquidated and/or punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

## **COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL §37.2101, et seq.**

39. Plaintiff repeats and re-alleges each and every paragraph of this Complaint as though fully set forth herein.

40. At all times relevant herein, Plaintiff was an employee and Defendant satisfied the definition of an employer within the meaning of Michigan's Elliott-Larsen Civil Rights Act (hereinafter "ELCRA"), MCL §37.2101, *et seq.*, as amended.

41. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination, retaliation, and harassment based on her age.

42. Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of her employment because of her age.

43. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation,

embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

Respectfully submitted,

**GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.**

BY:     /s/ *Angela Mannarino*
Angela Mannarino (P72374)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001

Dated: August 12, 2019      amannarino@gmgmklaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MONICA KNOWLES**,

        Plaintiff,

vs.

Case No.
Hon.

**CHARLES SCHWAB & CO., INC.**,
a foreign corporation,

        Defendant.

---

## DEMAND FOR JURY TRIAL

Plaintiff, MONICA KNOWLES, by her attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., demands a trial by jury in this cause of action.

    Respectfully submitted,

    **GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.**

    BY:   */s/ Angela Mannarino*
    ANGELA MANNARINO (P72374)
    Attorneys for Plaintiff
    30500 Northwestern Hwy Suite 425
    Farmington Hills, MI 48334
    (248) 865-0001
    amannarino@gmgmklaw.com

Dated: August 12, 2019