UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA KNOWLES,

    Plaintiff,

v.

CHARLES SCHWAB & CO., INC.,

    Defendant.

Case No. 19-cv-12378
Hon. Avern Cohn

| DONALD J. GASIOREK (P24987) | MARGARET CARROLL ALLI (P38281) |
|---|---|
| ANGELA MANNARINO (P72374) | HEATHER G. PTASZNIK (P63344) |
| GASIOREK, MORGAN, GRECO, MCCAULEY, & KOTZIAN, PC | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 30500 Northwestern Hwy, Ste 425 | 34977 Woodward Ave., Suite 300 |
| Farmington Hills, MI 48334 | Birmingham, MI 48009 |
| (248) 865-0001 | (248) 593-6400 |
| dgasiorek@gmgmklaw.com | meg.alli@ogletree.com |
| amannarino@gmgmklaw.com | heather.ptasznik@ogletree.com |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Defendant, Charles Schwab & Co., Inc., ("Defendant") by and through its undersigned counsel Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, hereby set forth its Answer to Plaintiff's Complaint and Jury Demand and denies all liability to Plaintiff and generally denies Plaintiff's allegations except where expressly admitted otherwise:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 1.

2. Defendant admits the allegations as stated in paragraph 2.

3. Defendant admits the allegations as stated in paragraph 3.

4. Defendant admits the allegations as stated in paragraph 4.

5. Defendant denies as untrue that it violated the ADEA relative to Plaintiff's employment, and denies Plaintiff's claims in their entirety, but does not contest the jurisdiction of the Court over Plaintiff's untrue claims.

6. Defendant denies as untrue that it violated Michigan law relative to Plaintiff's employment, and denies Plaintiff's claims in their entirety, but does not contest the jurisdiction of the Court over Plaintiff's untrue claims.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 9.

10. Defendant denies as untrue that it violated any federal or state law relative to Plaintiff's employment and denies Plaintiff's claims in their entirety, but does not contest the venue of the Court over Plaintiff's untrue claims.

## **GENERAL ALLEGATIONS**

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 11.

12.     Defendant admits only that Plaintiff was hired as a Senior Relationship Manager on or about June 30, 2014.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

13.     Defendant denies as untrue the allegations in paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15.     Defendant denies as untrue the allegations in paragraph 15.

16.     Defendant denies as untrue the allegations in paragraph 16.

17.     Defendant denies as untrue the allegations in paragraph 17.

18.     Defendant denies as untrue the allegations in paragraph 18.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 19.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 20.

21. Defendant admits only that it issued a written warning to Plaintiff dated January 11, 2017. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22. Defendant denies as untrue the allegations in paragraph 22.

23. Defendant denies as untrue the allegations in paragraph 23.

24. Defendant denies as untrue the allegations in paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

27. Defendant denies as untrue the allegations in paragraph 27.

28. Defendant admits only that it issued Plaintiff a written warning dated June 30, 2017. Defendant denies as untrue the remaining allegations in paragraph 28.

29. Defendant denies as untrue the allegations in paragraph 29.

30. Defendant denies as untrue the allegations in paragraph 30.

31. Defendant admits only that Plaintiff voluntarily resigned from her position and provided a resignation email dated September 8, 2017. Defendant denies as untrue the remaining allegations in paragraph 31.

32. Defendant denies as untrue the allegations in paragraph 32.

## COUNT I

33. Defendant incorporates its responses to paragraphs 1 through 32 as if fully stated here.

34. Defendant admits only that it employed Plaintiff. Defendant denies as untrue that it violated the ADEA or any other federal or state law relative to Plaintiff's employment, and denies Plaintiff's claims in their entirety.

35. Defendant admits only that it employed Plaintiff. Defendant denies as untrue that it violated the ADEA or any other federal or state law relative to Plaintiff's employment, and denies Plaintiff's claims in their entirety.

36. Defendant denies as untrue the allegations in paragraph 36.

37. Defendant denies as untrue the allegations in paragraph 37.

38. Defendant denies as untrue the allegations in paragraph 38.

WHEREFORE, Defendant denies Plaintiff is entitled to any of the relief alleged in the Complaint and respectfully requests this Court to enter an Order dismissing Plaintiff's Complaint in its entirety, with prejudice, and award Defendant its costs and attorney fees incurred in defending this frivolous matter.

## COUNT II

39. Defendant incorporates by reference its answers to paragraphs 1 through 38 as though fully set forth herein by reference.

40. Defendant admits only that it employed Plaintiff. Defendant denies as untrue that it violated the Michigan Elliott Larsen Civil Rights Act (ELCRA) or any other federal or state law relative to Plaintiff's employment, and denies Plaintiff's claims in their entirety.

41. Defendant admits only that it employed Plaintiff. Defendant denies as untrue that it violated the ELCRA or any other federal or state law relative to Plaintiff's employment, and denies Plaintiff's claims in their entirety.

42. Defendant denies as untrue the allegations in paragraph 42.

43. Defendant denies as untrue the allegations in paragraph 43.

WHEREFORE, Defendant denies Plaintiff is entitled to any of the relief alleged in the Complaint, and respectfully requests this Court to enter an Order dismissing Plaintiff's Complaint in its entirety, with prejudice, and award Defendant its costs and attorney fees incurred in defending this frivolous matter.

Respectfully Submitted,

Date: September 25, 2019

s/Margaret Carroll Alli
MARGARET CARROLL ALLI (P38281)
HEATHER G. PTASZNIK (P63344)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Ave., Suite 300
Birmingham, MI 48009
(248) 593-6400
meg.alli@ogletree.com
heather.ptasznik@ogletree.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA KNOWLES,                                         Case No. 19-cv-12378
                                                        Hon. Avern Cohn

    Plaintiff,

v.

CHARLES SCHWAB & CO., INC.,

    Defendant.

| DONALD J. GASIOREK (P24987) | MARGARET CARROLL ALLI (P38281) |
| ANGELA MANNARINO (P72374) | HEATHER G. PTASZNIK (P63344) |
| GASIOREK, MORGAN, GRECO, MCCAULEY, & KOTZIAN, PC | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 30500 Northwestern Hwy, Ste 425 | 34977 Woodward Ave., Suite 300 |
| Farmington Hills, MI 48334 | Birmingham, MI 48009 |
| (248) 865-0001 | (248) 593-6400 |
| dgasiorek@gmgmklaw.com | meg.alli@ogletree.com |
| amannarino@gmgmklaw.com | heather.ptasznik@ogletree.com |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant, Charles Schwab & Co., Inc., ("Defendant") by and through its undersigned counsel Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, hereby set forth its Affirmative Defenses to Plaintiff's Complaint and Jury Demand as follows:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of law and/or fact. Defendant does not waive and expressly reserves the right to move for dismissal on these grounds.

2. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations and/or the equitable doctrine of laches, estoppel, unclean hands and unjust enrichment.

3. Plaintiff's claims, in whole or in part, are barred by the doctrine of release, waiver, accord and satisfaction.

4. Plaintiff cannot establish Defendant was pre-disposed to discriminate against employees, including her, based upon age.

5. To the extent Plaintiff is found to have been the subject of an adverse employment decision, Defendant had legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to her age or any other protected characteristic.

6. To the extent Plaintiff is found to have been the subject of an adverse employment decision, her age was not a significant or motivating factor of any such adverse employment decision.

7. Plaintiff cannot establish that "but for" her age, she would not have been the subject of an alleged adverse employment action.

8. Plaintiff cannot establish she was subjected to unwelcome communication or conduct on the basis of her age.

9. To the extent any unlawful conduct is found to have been committed by an agent of Defendant, the principal is not liable because the conduct was: (a) outside the scope of the agent's employment; (b) the agent did not act at any time with the express or implied authority of the principal; or (c) the principal did not ratify or approve any alleged unlawful conduct.

10. At all times, Defendant's actions were lawful, justified, and made in good faith based on neutral business reasons.

11. Defendant had an honest belief that its actions were lawful and appropriate based on business circumstances.

12. Defendant had in place a published policy prohibiting discrimination, harassment and retaliation, which policy contained internal complaint procedures. Defendant acted reasonably in publishing and implementing this policy and Plaintiff failed to reasonably avail herself of this policy prohibiting discrimination, harassment, and/or retaliation.

13. The proximate cause of any injury or damages to Plaintiff, if any such injury or damages exist, was not the action(s) of Defendant.

14. Plaintiff has failed to properly mitigate her alleged respective damages. In the alternative, Plaintiff has fully mitigated any damages she alleges against Defendant.

15. Any claim for exemplary or punitive damages is barred because Defendant engaged in good faith efforts to comply with the law. Plaintiff is not entitled to punitive damages under Michigan law.

16. Plaintiff has failed to plead or prove her allegations of malice and/or intentional actions with the specificity required by the Michigan Court Rules.

17. Plaintiff is hereby on notice that Defendant may assert the following defenses if discovery or investigation so warrants their application:

    a. Plaintiff failed to join all necessary and proper parties in this matter as required by the applicable court rules.

    b. Defendant may discover after-acquired evidence of Plaintiff's conduct which may serve as a bar to recovery of damages or other relief.

18. Defendant reserves the right to amend these affirmative defenses or to assert additional affirmative defenses in the course of this litigation.

              Respectfully Submitted,

Date: September 25, 2019

             s/Margaret Carroll Alli
             MARGARET CARROLL ALLI (P38281)
             HEATHER G. PTASZNIK (P63344)
             OGLETREE, DEAKINS, NASH, SMOAK &
             STEWART, PLLC
             *Attorneys for Defendant*
             34977 Woodward Ave., Suite 300
             Birmingham, MI 48009
             (248) 593-6400
             meg.alli@ogletree.com
             heather.ptasznik@ogletree.com


## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2019, I filed the foregoing document titled ***Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand*** with the Clerk of Court using the Court's ECF filing system which will send notification of such filing to all registered participants.

             s/Margaret Carroll Alli
             MARGARET CARROLL ALLI (P38281)
             OGLETREE, DEAKINS, NASH, SMOAK &
             STEWART, PLLC
             *Attorneys for Defendant*
             34977 Woodward Ave., Suite 300
             Birmingham, MI 48009
             (248) 593-6400
             meg.alli@ogletree.com